# EXHIBIT 1

**THE SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RICHMOND**

|  |  |
|---|---|
| JEFFREY FARKAS, M.D., LLC, a/k/a INTERVENTIONAL NEURO ASSOCIATES, LLC, <br><br><br> Plaintiff, <br><br> -against- <br><br> BLUE CROSS BLUE SHIELD ASSOCIATION, <br><br> Defendant. | Index No.: _____ <br><br> **SUMMONS** <br><br> Plaintiff Designates **Richmond County** as the Place of Trial <br><br> The Basis of Venue is the location of the Service Facility: <br> 355 Bard Avenue <br> Staten Island, NY 10310 |

**TO THE ABOVE-NAMED DEFENDANT:**

   **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty(20) days of the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: February 26, 2026
      Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*
By: */s/ John P. Stadler*
John P. Stadler, Esq.
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 644-0890
jstadler@gottliebandgreenspan.com
**New York Office:**
99 Wall Street, Suite 1139
New York, NY 10005
(Please respond to our NJ office.)

**DEFENDANT'S ADDRESS:**
Blue Cross Blue Shield Association
200 E. Randolph
Chicago, IL 60601

Case 1:26-cv-01934    Document 1-1    Filed 04/01/26    Page 3 of 18 PageID #: 23

**THE SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RICHMOND**

|  |  |
|---|---|
| JEFFREY FARKAS, M.D., LLC, A/K/A INTERVENTIONAL NEURO ASSOCIATES, LLC,<br><br>Plaintiff,<br><br>-against-<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>Defendant. | Index No.:<br><br><br>**COMPLAINT** |

Plaintiff Jeffrey Farkas, M.D., LLC, a/k/a Interventional Neuro Associates, LLC ("Plaintiff"), by and through its attorneys Gottlieb & Greenspan, LLC, by way of Complaint against Blue Cross Blue Shield Association ("Defendant"), alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is a medical provider with a principal place of business at 43 Westminster Avenue, Bergenfield, NJ 07621.

2. Upon information and belief, Defendant, with a principal place of business located at 200 E. Randolph, Chicago, Illinois 60601, is engaged in providing and/or administering health care plans or policies in the State of New York.

3. Jurisdiction is proper in the Supreme Court of New York as the Defendant transacts business in the State of New York, and the Plaintiff's treatment of the patient occurred in the State of New York.

4. Venue is proper in the Supreme Court of New York, Richmond County, because a substantial part of the events giving rise to the claim occurred in Richmond County.

## FACTUAL BACKGROUND

5. The Federal No Surprises Act ("NSA") became effective January 1, 2022. The NSA creates for medical providers a direct right to payment from insurers and health plans of the amount an Independent Dispute Resolution ("IDR") entity determines is owed for qualifying medical services. *See* 42 U.S.C. § 300gg-111(c)(6). This amount must be paid within thirty (30) days of the IDR entity's determination. *Id*.

6. The NSA is implemented and enforced by the combined efforts of the U.S. Departments of Labor, Health and Human Services, and the Treasury (the "Departments"), which together created a mandatory federal dispute process to determine pricing for medical services rendered by out-of-network ("OON") medical providers in emergency or certain elective circumstances.

7. Under the NSA, an insurer has 30 days from the date the bill is transmitted by the OON medical provider to pay or deny the claim. 42 U.S.C. §300gg-112(a)(3)(A-B). Insurers unilaterally determine their initial payment amount, often paying what the law refers to as a Qualifying Payment Amount ("QPA"). If the OON medical provider does not accept the insurer's initial payment as payment in full, the OON medical provider may initiate an "open negotiation period" with the insurer to attempt to negotiate a higher amount. *Id*. § (b)(1)(A). If the negotiations fail by the close of the open negotiation period, the OON medical provider may initiate the NSA's IDR process. *Id*. § (b)(1)(B).

8. However, the medical provider is precluded from billing the patient for any amount over and above the health plan's initial QPA payment ("balance billing"). In that way, the NSA ensures that the patient will be protected from liability from "surprise" out-of-network medical charges. *Id*.

Case 1:26-cv-01934 Document 1-1 Filed 04/01/26 Page 5 of 18 PageID #: 25

9. The NSA's IDR process requires both parties to submit position statements and proposed offers of payment for the services at issue to a third-party IDR entity. *Id*. § (b)(5)(B)(i)(I). The IDR entity then evaluates both proposed offers based on several statutory factors and selects one as the appropriate OON payment for the services provided. *Id*. § (b)(5)(C). After an IDR determination, the non-prevailing party is required to pay any amount owed within **30 days**. *Id*. § (c)(6).

10. Plaintiff is a medical provider that specializes in neurology.

11. On August 29, 2022, Jeffrey Farkas, M.D., a neurologist and owner of Plaintiff, provided medical treatment to an individual identified as T.W. ("Patient") at Richmond University Medical Center, located in Staten Island, NY.

12. At the time the medical treatment was rendered, Patient was a member of a health plan administered by Defendant.

13. As an OON medical provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's member.

14. However, since the medical treatment was rendered in a participating network facility and/or emergently, Patient's treatment is subject to the reimbursement protocols of the NSA, 42 U.S.C. § 300gg-111 *et seq.*

15. After treating Patient, Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment of $64,000.00 for the medical treatment rendered, itemized under Current Procedural Terminology ("CPT") code 36224-50.

16. In response to Plaintiff's HCFA, Defendant allowed payment of $266.97 for CPT code 36224-50.

Case 1:26-cv-01934    Document 1-1    Filed 04/01/26    Page 6 of 18 PageID #: 26

17.     Plaintiff disputed Defendant's initial payment determination and initiated the open negotiation period called for by the NSA by sending an Open Negotiation letter to Defendant.

18.     Because the dispute was not resolved by the close of the open negotiation period, Plaintiff initiated the NSA's IDR process by submitting a Notice of IDR Initiation to the Department of Health and Human Services to have the proper reimbursement amount determined by a neutral IDR entity. 42 U.S.C. § 300gg-111(c)(1-5).

19.     Plaintiff forwarded a copy of the Notice of Initiation to Defendant as required.

20.     To initiate the IDR process, Plaintiff was required to access the federal IDR portal and affirmatively accept binding click-wrap terms and conditions governing participation in the IDR process.

21.     Thereafter, Plaintiff submitted a Notice of Offer of $48,000.00 together with documentation that supported Plaintiff's final offer.

22.     Defendant did not submit a Notice of Offer or otherwise participate in the IDR process despite having been sent the Notice of Initiation.

23.     On February 7, 2025, the certified IDR entity ("CIDRE") issued a written final determination in Plaintiff's favor under IDR reference number DISP-437046 ("Award"), awarding Plaintiff $48,000.00 for CPT code 36224-50, amounting to an additional $47,733.03 over Defendant's additional payment. *See* **Exhibit A**, attached hereto.

24.     Defendant failed to issue the IDR determination payment to Plaintiff even though its deadline to do so was March 9, 2025.

25.     As of the date of this Complaint, over 353 days have elapsed since Defendant's deadline to submit the IDR determination payment to Plaintiff.

26.     Despite the legal requirement to pay the additional amount owed within 30 days of the CIDRE's determination Defendant has failed to do so. As of the filing of this Complaint, the amount awarded, unpaid, and past due by Defendant is $47,733.03.

27.     While the NSA is a federal law, federal courts have indicated that the proper recourse against a health plan that fails to pay an NSA IDR award is through state law causes of action. *See Mod. Orthopaedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824, at * 32 (D.N.J. Nov. 3, 2025) (*citing Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432, 2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147, at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA; "the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.").

28.     Accordingly, Plaintiff seeks herein all unpaid past due amounts as of the date the Court issues judgment, including interest, penalties and collection costs, which are in no event less than $47,733.03.

## COUNT ONE

## DECLARATORY JUDGMENT

29.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 28 of the Complaint as though fully set forth herein.

30.     An actual and present controversy exists between Plaintiff and Defendant concerning Defendant's obligation to pay the Award as determined by the CIDRE.

Case 1:26-cv-01934    Document 1-1    Filed 04/01/26    Page 8 of 18 PageID #: 28

31.     By refusing to pay the Award despite repeated demands, Defendant seemingly contends that it is not required to do so, or that payments may be delayed or avoided, notwithstanding the CIDRE's final determination.

32.     Defendant is obligated to pay the amount determined by the CIDRE and there is no appeal, complaint or administrative process that stays Defendant's payment obligation.

33.     A declaratory judgment would resolve the parties' dispute and clarify their respective rights and obligations.

34.     Plaintiff seeks a declaration that Defendant is obligated to pay the Award as determined by the CIDRE in full and without delay.

## COUNT TWO

### ACCOUNT STATED

35.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36.     Plaintiff rendered medical treatment to Defendant's member for which Defendant was financially responsible.

37.     Plaintiff submitted a HCFA to Defendant reflecting amounts due for the medical treatment it rendered to Defendant's member.

38.     After the parties failed to resolve the payment dispute at the close of the open negotiation period, Plaintiff initiated the NSA's IDR process.

39.     On May 29, 2025, the CIDRE issued a written final determination establishing the amount Defendant owed to Plaintiff for the medical services it rendered to Defendant's member.

40.     Defendant received the CIDRE's written final determination and did not move to vacate the Award, as provided for under the under the parameters described in paragraphs (1) through (4) of section 10(a) of title 9. *See* 42 U.S.C. § 300gg-111(c)(5)(E)(i)(II).

Case 1:26-cv-01934   Document 1-1   Filed 04/01/26   Page 9 of 18 PageID #: 29

41. Defendant's failure to seek recourse under 9 U.S.C. § 10(a) constitutes an implied agreement that the CIDRE's final determination is correct.

42. Defendant has failed to pay the Award as determined by the CIDRE.

## COUNT THREE

### QUANTUM MERUIT

43. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42 of the Complaint as though fully set forth herein.

44. Plaintiff conferred a valuable benefit upon Defendant by providing good faith medical services to Defendant's member at Plaintiff's expense, with the reasonable expectation of payment.

45. Defendant accepted and retained the benefit from the medical services Plaintiff provided as its member received medical services under the health plan Defendant administers.

46. Defendant had a reasonable expectation that Plaintiff expected payment for the medical services provided to Defendant's member as it received a HCFA from Plaintiff that set forth the amounts billed for the medical services provided. Defendant appreciates, realizes and knows that Plaintiff expected payment for the medical services provided to its member because it issued an Explanation of Benefits ("EOB") and made an initial payment.

47. The final determination made by the CIDRE reflects an objective, federally regulated assessment of the reasonable value for the medical services Plaintiff rendered to Defendant's member.

48. Defendant has failed to pay the Award as determined by the CIDRE, or any amount approximating the reasonable value for the medical services Plaintiff rendered to Defendant's member.

49.     It would be unjust and inequitable for Defendant to retain the benefit of Plaintiff's medical services without paying the reasonable value as determined by the CIDRE.

50.     Plaintiff is therefore entitled to recover under the doctrine of quantum meruit the reasonable value of the services rendered as determined by the CIDRE.

## COUNT FOUR

### UNJUST ENRICHMENT

51.     Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 50 of the Complaint as though fully set forth herein.

52.     Defendant received the benefit of the underlying medical services Plaintiff rendered to Defendant's member. These medical services were provided at Plaintiff's expense and under circumstances that would make it unjust for Defendant to retain the benefit without commensurate compensation.

53.     Defendant had reasonable notice that Plaintiff expected payment for the benefits conferred as it received a HCFA from Plaintiff that set forth the amounts billed for the medical services Plaintiff rendered to Defendant's member. Defendant appreciates, realizes and knows that the benefit was conferred because it issued an EOB and made an initial payment. Thus, there was a direct connection between Plaintiff's impoverishment and Defendant's enrichment.

54.     The dispute over the value of the benefits received was resolved in accordance with the NSA's IDR process, which requires the non-prevailing party to issue payment within 30 days of the determination made by the CIDRE.

55.     The NSA does not preempt a claim for unjust enrichment. *See Mod. Orthopaedics of NJ v. Premera Blue Cross*, Case No. 2:25-cv-01807 (BRM) (JSA), 2025 U.S. Dist. LEXIS 215824, at * 32 (D.N.J. Nov. 3, 2025) (citing *Kennedy v. UnitedHealth Grp. Inc.*, No. 25 CIV. 432,

2025 U.S. Dist. LEXIS 117870, 2025 WL 1725147, at * 8-9 (S.D.N.Y. June 20, 2025) (holding breach of contract and unjust enrichment claims for failure to pay for patient's emergency care were not preempted by the NSA). Indeed, at least one federal court has indicated that the proper remedy for a medical provider to recover unpaid IDR awards issued against an insurance carrier is in fact unjust enrichment. *See Modern Orthopaedics*, 2025 U.S. Dist. LEXIS 215824, at * 31-32 ("the NSA . . . says nothing that would preclude a provider from bringing suit under traditional state law causes of action . . . like unjust enrichment.").

56.    Defendant improperly retained the benefit under the plan without payment to Plaintiff.

57.    Defendant has continued to improperly retain the required payment for the services Plaintiff rendered to its member beyond the 30-day deadline, which allowed it to become further unjustly enriched by receiving interest and/or investment income because of the unlawful retention of the funds, which were unquestionably owed to Plaintiff.

58.    It is against equity and good conscience to deprive Plaintiff of the funds Defendant owes, as determined by a CIDRE in accordance with federal law.

59.    Plaintiff hereby seeks payment of the Award as determined by the CIDRE as well as all benefits obtained by Defendant because Defendant did not timely pay the amount owed, including without limitation the interest or investment income generated by such funds.

Case 1:26-cv-01934     Document 1-1     Filed 04/01/26     Page 12 of 18 PageID #: 32

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

      a.      Judgment in the amount of $47,733.03;

      b.      Declaratory relief as requested;

      c.      Pre- and post-judgment interest;

      d.      Costs of suit; and

      e.      Such other relief as the Court deems just and equitable.

Dated: February 26, 2026
      Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*
By: /s/ John P. Stadler
John P. Stadler, Esq.
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 644-0890
jstadler@gottliebandgreenspan.com
**New York Office:**
99 Wall Street, Suite 1139
New York, NY 10005
(Please respond to our NJ office.)

Case 1:26-cv-01934    Document 1-1    Filed 04/01/26    Page 13 of 18 PageID #: 33

INDEX NO.: _____

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

JEFFREY FARKAS, M.D., LLC, a/k/a INTERVENTIONAL NEURO ASSOCIATES, LLC,

     PLAINTIFF,

-AGAINST-

BLUE CROSS BLUE SHIELD ASSOCIATION,

## SUMMONS AND COMPLAINT

### GOTTLIEB & GREENSPAN, LLC

17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 735-0845
**New York Office:**
99 Wall Street, Suite 1139
New York, NY 10005

TO:    Blue Cross Blue Shield Association
       200 E. Randolph
       Chicago, IL 60601

Service of a copy of the within

Dated: February 26, 2026
       Fair Lawn, New Jersey

Attorneys for Jeffrey Farkas, M.D., LLC, a/k/a Interventional Neuro Associates, LLC

Case 1:26-cv-01934    Document 1-1    Filed 04/01/26    Page 14 of 18 PageID #: 34

# EXHIBIT A

Case 1:26-cv-01934   Document 1-1   Filed 04/01/26   Page 15 of 18 PageID #: 35

**IDR dispute status:** Payment Determination Made - Fees and Offer from One Party Only
**IDR reference number:** DISP-437046

Medical Evaluators of Texas has reviewed your Federal Independent Dispute Resolution (IDR) dispute with reference number **DISP-437046** and has determined that Interventional Neuro Associates is the prevailing party in this dispute.

Because only one party, Interventional Neuro Associates , submitted an offer and paid the corresponding fees, Medical Evaluators of Texas has determined that the out-of-network payment amount of   $48,000.00 offered by Interventional Neuro Associates is the appropriate out-of-network rate for the item or service 36224 on claim number 23068P068592SA under this dispute.

**Final Determination Rationale**
The certified IDR entity requested fees and offers from both parties, however, the certified IDR entity did not receive an offer and/or fees from one party. As a result, the certified IDR entity has found in favor of the party that submitted an offer and fees. Medical Evaluators of Texas did not receive an offer and/or fees from Horizon BCBS Federal Employee Program . As a result, the certified IDR entity has found in favor of Interventional Neuro Associates , the only party to submit an offer and fees.

**Next Step:**

If any amount is due to either party, it must be paid **not later than 30 calendar days** after the date of this notification, as follows:

• **A plan, issuer, or Federal Employees Health Benefits (FEHB) Program carrier owes a payment to a non-participating provider or facility** when the amount of the offers selected by the certified IDR entity exceeds the sum of 1) any initial payment the plan, issuer, or FEHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid or owed by the participant, beneficiary, or enrollee.

• **A non-participating provider or facility owes a refund to a plan, issuer or FEHB carrier** when the offer selected by the certified IDR entity is less than the sum of 1) any initial payment the plan, issuer, or FHHB carrier has paid to the non-participating provider or facility and 2) any cost sharing paid by the participant, beneficiary, or enrollee.

**NOTE:** The non-prevailing party is ultimately responsible for the certified IDR entity fee, which is retained by the certified IDR entity for the services performed. Medical Evaluators of Texas has determined that  Horizon BCBS Federal Employee Program is the non-prevailing party in DISP-437046 and is responsible for paying the certified IDR entity fee. The certified IDR entity fee that was paid by the prevailing party will be returned to Interventional Neuro Associates by the certified IDR entity within 30 business days of the date of this notification.

Pursuant to the Federal Employees Health Benefits Act at 5 U.S.C. 8902(p), Internal Revenue Code sections 9816(c)(5)(E) and 9817(b)(5)(D), Employee Retirement Income Security Act sections 716(c)(5)(E) and 717(b)(5)(D), and Public Health Service Act sections 2799A-1(c)(5)(E) and 2799A-2(b)(5)(D), and their

Case 1:26-cv-01934    Document 1-1    Filed 04/01/26    Page 16 of 18 PageID #: 36

implementing regulations at 5 CFR 890.114, 26 CFR 54.9816–8T (c)(4)(vii), 29 CFR 2590.716-8(c)(4)(vii) and 45 CFR 149.510(c)(4)(vii), this determination is legally binding unless there is fraud or evidence of intentional misrepresentation of material facts to the certified IDR entity by any party regarding the dispute.

The party that initiated the Federal IDR Process may not submit a subsequent Notice of IDR Initiation involving the same other party with respect to a claim for the same or similar item or service that was the subject of this dispute during the 90-calendar-day suspension period following the date of this email, also referred to as the "cooling off" period.

If the initiating party was a provider, the provider is identified by the National Provider Identifier (NPI) or Taxpayer Identification Number (TIN). During the cooling off period, the provider may not submit a subsequent Notice of IDR Initiation involving the same non-initiating party with respect to a claim billed under the same NPI or TIN for the same or similar item or service.

The initiating party with respect to dispute number DISP-437046 was Interventional Neuro Associates. The initiating party's TIN is 461672913. The non-initiating party was Horizon BCBS Federal Employee Program. The 90-calendar day cooling off period begins on February 7, 2025 . Please retain this information for your records.

If the end of the open negotiation period for such an item or service falls during the cooling off period, either party may submit a Notice of IDR Initiation within 30 business days following the end of the cooling off period, as opposed to the standard 4-business-day period following the end of the open negotiation period. This 30-business-day period begins on the day after the last day of the cooling off period.

**Resources**
Visit the No Surprises website for additional IDR resources.

**Contact information**
For questions, contact Medical Evaluators of Texas. Include your IDR Reference number referenced above.

Thank you,

Medical Evaluators of Texas

*Privileged and Confidential: The information contained in this e-mail message, including any attachments, is intended only for the personal and confidential use of the intended recipient(s) and may contain confidential and privileged information as well as information protected by the Privacy Act of 1974. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please immediately contact the sender by reply e-mail and delete all copies of the original message.*

Attorney:
JOHN P. STADLER, ESQ.
GOTTLIEB & GREENSPAN
17-17 ROUTE 208 SUITE 250
FAIR LAWN NJ 07410



829838

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

JEFFREY FARKAS, M.D., LLC A/K/A INTERVENTIONAL NEURO ASSOCIATES, LLC
                    Plaintiff

BLUE CROSS BLUE SHIELD ASSOCIATION
                    Defendant

Index / case #: 150455/2026

**AFFIDAVIT OF SERVICE**

_Kane_ County, State of: _Illinois_    _Steven A. Stosur_ being sworn,
says: Deponent is not a party herein, is over the age of 18 years and resides in the State of: _Illinois_

On _3-2-26_ at _2:54_ am (pm) at: 200 EAST RANDOLPH SUITE 1800 CHICAGO IL 60601

**Deponent served the within:** SUMMONS & COMPLAINT
EXHIBIT A NOTICE OF ELECTRONIC FILING

On which were set forth the Index No., herein, and date of filing

On: BLUE CROSS BLUE SHIELD ASSOCIATION
(herein after called the recipient) therein named.

| | | |
|---|---|---|
| ☐ | Individual | By delivering a true copy of each to said recipient personally; Deponent knew the person so served to be the person described in as said recipient therein |
| ☐ | Suitable Age person | By delivering thereat a true copy of each to:_____ a person of suitable age and discretion. Said premises is recipients [ ] Actual Place of Residence [ ] Actual Place of Business within the State. |
| ☐ | Affixing to Door | By affixing a true copy of each to the door of said premises which is recipients [ ] Actual Place of Residence [ ] Actual Place of Business, within the State Deponent was unable with due diligence to find recipient or person of suitable age and discretion thereat having called there _____ |
| ☑ | Corporation or Partnership | By delivering thereat a true copy of each to: _Michelle Johnson_ personally. Deponent knew said corporation / partnership so served to be the corporation / partnership described in said aforementioned document as said recipient and knew said individual to be _Administrative Assistant_ thereof. |
| ☐ | Mailing | Within 20 days of such delivery, or affixing, deponent enclosed a copy of same in a postpaid envelope properly addressed to recipient at recipients last known [ ] Actual Place of Residence [ ] Actual Place of Business at _____ and deposited said envelope in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State. The envelope bore the legend "personal and confidential" and did not indicateon the outside, thereof by return address or otherwise that the communication was from an attorney or concerned an action against the defendant. |

**Description**
[ ] Male       [ ] White skin      ☑ Black hair      [ ] 14-20 Yrs    [ ] Under 5'      [ ] Under 100 Lbs
☑ Female      ☑ Black skin      [ ] Brown hair    [ ] 21-35 Yrs    [ ] 5'0"-5'3"     [ ] 100-130 Lbs
              [ ] Yellow skin    [ ] Gray hair     ☑ 36-50 Yrs     ☑ 5'4"-5'8"      ☑ 131-160 Lbs
              [ ] Brown skin     [ ] Blonde hair   [ ] 51-65 Yrs    [ ] 5'9"-6'0"     [ ] 161-200 Lbs
              [ ] Red skin       [ ] Red hair      [ ] Over 65 Yrs  [ ] Over 6'       [ ] Over 200 Lbs

Other Identifying Features _____

| | | |
|---|---|---|
| ☐ | Military Service | I asked the person spoken to whether recipient was in active military service of the United States or the State of New York in any capacity whatever and received a negative reply. The source of my information and the grounds of my belief are the conversations and observations above narrated. |
| ☐ | | Subpoena Fee Tendered in the amount of _____ |
| ☐ | | _____ |

Sworn to before me on _3.3.26_

_Joan C. Harenberg_

_Steven A. Stosur_
(Print name below signature)

_Steven A. Stosur_

OFFICIAL SEAL
JOAN C HARENBERG
Notary Public, State of Illinois
Commission No. 715300
My Commission Expires April 28, 2029

File No.    150455/2026

Work Order No.    829838

1 of 2

THE SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND

|  |  |
|---|---|
| JEFFREY FARKAS, M.D., LLC, a/k/a INTERVENTIONAL NEURO ASSOCIATES, LLC,<br><br>               Plaintiff,<br><br>        -against-<br><br>BLUE CROSS BLUE SHIELD ASSOCIATION,<br><br>              Defendant. | Index No.: **150455/2026**<br><br>**SUMMONS**<br><br>Plaintiff Designates **Richmond County** as the Place of Trial<br><br>The Basis of Venue is the location of the Service Facility:<br>355 Bard Avenue<br>Staten Island, NY 10310 |

**TO THE ABOVE-NAMED DEFENDANT:**

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your Answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty(20) days of the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: February 26, 2026
      Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*
By: */s/ John P. Stadler*
John P. Stadler, Esq.
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 644-0890
jstadler@gottliebandgreenspan.com
**New York Office:**
99 Wall Street, Suite 1139
New York, NY 10005
(Please respond to our NJ office.)

**DEFENDANT'S ADDRESS:**
Blue Cross Blue Shield Association
200 E. Randolph
Chicago, IL 60601